No. 1,661.

## WILSON *v.* EVERS.

INTERROGATORIES TO JURY.—*Answers To.*—*General Verdict.*—While every reasonable presumption is indulged in favor of the general verdict, the same presumptions arise in favor of answers to interrogatories, which are a part of the verdict ; and it is the duty of the court to reconcile the answers to interrogatories with the general verdict; but, if it cannot be done, the general verdict must give way to the answers to interrogatories.

SAME. — *Answers Irreconcilable with General Verdict.* — *Personal Injury.*—*Master and Servant.*—A finding by the jury, in answer to interrogatories, that plaintiff who sued for injuries sustained while in defendant's employ, alleging that she was employed to perform specified work free from special danger, but was required to leave such work and assist in operating a dangerous machine with which she was unacquainted, had assisted in its operation a number of times previously, and that the danger from operating it was apparent, requires a verdict for defendant, notwithstanding a general verdict for plaintiff.

From the Delaware Circuit Court.

*Wagner & Bingham,* for appellant.

*J. W. Ryan, W. A. Thompson* and *R. C. Griffith,* for appellee.

Ross, J.—The appellant sued appellee to recover damages for personal injuries received by her while in his employ. There was a trial by jury, and a general verdict in favor of appellant. With their verdict the jury answered and returned a number of interrogatories submitted to them. On motion of appellee the court rendered judgment in his favor on the answers to the interrogatories, notwithstanding the general verdict.

The appellant insists that the answers to the interrogatories are not in irreconcilable conflict with the general verdict, and that the court, therefore, erred in

Wilson *v.* Evers.

rendering judgment in favor of the appellee upon such answers.

While it is true that every reasonable presumption arises in favor of a general verdict, it must also be remembered that interrogatories submitted to and answered and returned by the jury are a part of their verdict, and the same presumptions arise in reference to such answers as to the general verdict. Hence, although as to the general verdict, the presumption is that the jury have found every material fact necessary to be found to sustain such verdict, as to the answers to the interrogatories the presumption is that the answers so made are true. The same presumption of verity attaches to both, and for that reason, if they are reconcilable one with the other upon any reasonable hypothesis under the issues, it is the duty of the court to reconcile them. But if they cannot be reconciled, the general verdict must give way to the answers to the interrogatories.

In her complaint appellant charges that the appellee owned and operated a laundry in the city of Muncie, in which he used a certain machine called a "mangle," which was dangerous to operate; that appellant was employed by him in his office, and her duties under such employment "consisted in the doing of office work in the office of said laundry;" that she was not familiar with the operation of said mangle, but that on the — day of December, 1893, appellee required her to leave her regular office duties, and to go and assist in operating said mangle; that when the mangle was running with full pressure on, it was less dangerous than when the pressure was but partially on, and that the machine was not usually permitted to run with the pressure partially off; that when appellee required appellant to assist in operating the mangle, he had negligently and carelessly

started and permitted said machine to be and remain running with the pressure partially off, and that, on account thereof, it was rendered dangerous to operate. It is also alleged that appellant was misled as to the condition of the machine, but believing it to be in proper order and in condition to operate, attempted to operate the same, but got her fingers caught and drawn into the rollers and her hand injured.

A great many interrogatories were submitted to and answered by the jury, and while some of the answers thereto are inconsistent with each other, there are others which are not contradicted, which are wholly inconsistent with the appellant's right to recover. The theory upon which appellant's complaint proceeds, is that she was employed to perform certain work, in itself free from special dangers, but that the appellee required her to leave her regular employment and assist in operating a dangerous machine, with the operation of which she was unacquainted. The jury, in answer to the interrogatories, find that the dangers from operating the mangle were in getting the fingers or hand between the rollers; that the danger was apparent, and that appellant had a number of times prior to the time she was injured, assisted in its operation. Considering all of the answers together, it is apparent that the appellant was not only familiar with the machine and its operation, but that she did in the line of her employment assist in its operation. That the dangers attendant upon its operation were open and apparent is clear.

The court did not err in sustaining the appellee's motion for judgment in his favor on the answers to the interrogatories.

Judgment affirmed.

LOTZ, J., did not participate in this decision.

Filed April 15, 1896.